No. _____

In The United States Court Of Appeals
For The Ninth Circuit

In Re: MAREN BAM,

*Petitioner*,

*v.*

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA,

*Respondent*,

ARGELIA ESTHER MAVY,

*Real Party in Interest/Plaintiff*,

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

*Real Party in Interest/Defendant*.

On Petition for Writ of Mandamus
from the United States District Court
for the District of Arizona
Case No. 2:25-CV-00689-KML-ASB

PETITION FOR WRIT OF MANDAMUS

Nellie Q. Barnard
Julia Davis
Schwabe, Williamson & Wyatt, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-796.2071
Facsimile: 503-796-2900
        *Attorneys for Petitioner Maren Bam*

# Table of Contents

**Page**

I. INTRODUCTION .............................................................. 1

II. RELIEF SOUGHT .......................................................... 3

III. ISSUES PRESENTED ................................................... 4

IV. BACKGROUND ............................................................. 4

V. LEGAL AUTHORITY ...................................................... 8

VI. ARGUMENT ................................................................. 10

 A. The First and Second *Bauman* Factors Weigh in Favor of Granting Mandamus Relief. ................................................. 10

 B. The Sanction Order Issued by the District Court is Clearly Erroneous as a Matter of Law. ........................................... 13

  1. Rule 11 sanctions are for frivolous pleadings. ......... 13

  2. The district court clearly erred when it concluded that Ms. Bam violated Rule 11. ...................................... 16

  3. The court clearly erred in concluding that Ms. Bam's conduct was "akin to contempt of court." ............... 20

  4. Ms. Bam's conduct was fundamentally different from other attorneys sanctioned for AI use. ..................... 22

  5. The sanctions imposed exceed the deterrent purpose of Rule 11................................................................. 24

 C. The Fourth and Fifth *Bauman* Factors Favor Relief.......... 28

VII. CONCLUSION .......................................................... 30

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bauman v. U.S. Dist. Court for the Nor. Dist. of Cal.*,
 557 F.2d 650 (9th Cir. 1977) ...................................................................*passim*

*Biestek v. Berryhill*,
 139 S. Ct. 1148 (2019)...............................................................................18

*ByoPlanet Int'l, LLC v. Johansson*,
 0:25-CV-60630, 2025 WL 2091025 (S.D. Fla. July 17, 2025)....................24

*Cole v. U.S. Dist. Ct. for Dist. of Idaho*,
 366 F. 3d 813 (9th Cir. 2004) ........................................................................9

*Comuso v. Nat'l R.R. Passenger Corp.*,
 267 F.3d 331 (3d Cir. 2001) ........................................................................10

*Costa v. Comm'r of SSA*,
 690 F.3d 1132 (9th Cir. 2012) .....................................................................19

*Cunningham v. Hamilton County, Ohio*,
 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999) ...............................10

*Dehghani v. Castro*,
 2:25-CV-00052-MIS-DLM, 2025 WL 1361765 (D. N.M. May
 9, 2025) ....................................................................................................23, 24

*Fan v. Jiang*,
 3:21-CV-00458-MMD-CSD, 2025 WL 1734994 (D. Nev. June
 23, 2025) .......................................................................................................29

*Gjovik v. Apple Inc.*,
 23-CV-04597-EMC, 2025 WL 1447380 (N.D. Cal. May 19,
 2025) .............................................................................................................29

*Golden Eagle Distrib. Corp. v. Burroughs Corp.*,
 801 F.2d 1531 (9th Cir. 1986) ........................................................14, 15, 28

*Gonzales v. Texaco Inc.*,
 344 F. App'x 304 (9th Cir. 2009)..................................................................10

144897\293918\49010674.1

*Grant v. City of Long Beach*,
96 F.4th 1255 (9th Cir. 2024) ........................................................................17

*In re Henson*,
869 F.3d 1052 (9th Cir. 2017) ..........................................................................9

*Holgate v. Baldwin*,
425 F.3d 671 (9th Cir. 2005) ..........................................................................26

*Jade Riley Burch, Plaintiff, v. HCA Healthcare, Inc., et al.,*
*Defendants.*,
2:25-CV-01408-JAD-MDC, 2025 WL 2772572 (D. Nev. Sept.
26, 2025) .........................................................................................................29

*In re Keegan Mgmt. Co., Sec. Litig.*,
78 F.3d 431 (9th Cir. 1996) ............................................................................14

*Klestadt & Winters, LLP v. Cangelosi*,
672 F.3d 809 (9th Cir. 2012) ..........................................................................10

*Lacey v. State Farm Gen. Ins. Co.*,
CV 24-5205 FMO, 2025 WL 1363069 (C.D. Cal. May 5, 2025) ................29

*Mata v. Avianca, Inc.*,
678 F. Supp. 3d 443 (S.D.N.Y. 2023) ......................................................14, 25

*In re Plaza-Martínez*,
747 F.3d 10 (1st Cir. 2014) ............................................................................11

*Precision Specialty Metals, Inc. v. United States*,
315 F.3d 1346 (Fed. Cir. 2003) ......................................................................12

*Rocha v. Fiedler*,
24-3692, 2025 WL 1219007 (9th Cir. Apr. 28, 2025) ...................................21

*In re Ronco, Inc.*,
838 F.2d 212 (7th Cir. 1988) ..........................................................................11

*San Jose Mercury News, Inc. v. U.S. Dist. Ct. – N. Dist.*,
187 F.3d 1096 (9th Cir. 1999) ...................................................................10, 28

*Townsend v. Holman Consulting Corp.*,
929 F.2d 1358 (9th Cir. 1990) ...................................................................15, 29

144897\293918\49010674.1

*U.S. v. Fei Ye*,
   436 F.3d 1117 (9th Cir. 2006) ........................................................................9

*U.S. v. Tillman*,
   756 F.3d 1144 (9th Cir. 2014) ..............................................................8, 11, 30

*United Nat. Ins. Co. v. R&D Latex Corp.*,
   242 F.3d 1102 (9th Cir. 2001) ..............................................................14, 21

*In re Van Dusen*,
   654 F.3d 838 (9th Cir. 2011) ........................................................................8

**Statutes**

28 U.S.C. § 1651 ........................................................................................8

28 U.S.C. § 2412 ......................................................................................19

42 U.S.C. § 405(g) .............................................................................16, 18

**Other Authorities**

20 C.F.R. § 404.1545(a)(1) ....................................................................18

Fed. R. of Bankr. P. 9011 ...............................................................10, 21

Fed. R. of Civ. P. 11 ......................................................................*passim*

Fed. R. of Civ. P. 11(b) ..........................................................................14

Fed. R. of Civ. P. 11(b)(2) .................................................1, 2, 13, 20

Fed. R. of Civ. P. 11(c)(2) .............................................................20, 22

Fed. R. of Civ. P. 11(c)(3) ......................................................................14

Fed. R. of Civ. P. 11(c)(4) .................................................2, 14, 28

Model Rule of Professional Conduct 1.4 ................................12, 13

144897\293918\49010674.1

# DISCLOSURE STATEMENT

Ms. Bam is an individual and not a corporation.

144897\293918\49010674.1

## I.   __INTRODUCTION__

Counsel Maren Bam ("Ms. Bam") respectfully seeks a writ of mandamus to correct the clear error made by the district court in issuing its August 14, 2025 order imposing sanctions *sua sponte* under Rule 11 of the Federal Rules of Civil Procedure (the "Sanction Order") and its Order denying Ms. Bam's Corrected Motion for Reconsideration (the "Order Denying Reconsideration") (collectively, the "Sanction Orders"). For the reasons discussed below, Rule 11 sanctions were improper.

All of the *Bauman* factors favor mandamus relief. Beginning with the third factor, the Sanction Order is clearly erroneous as a matter of law. This case stems from the inadvertent inclusion through the improper use of generative AI of hallucinated citations and quotations in a brief. Ms. Bam, however, did not use generative AI – an experienced and trusted contract attorney did, and did so against Ms. Bam's specific direction. Ms. Bam reviewed the brief before filing, spot-checked citations, and concluded that the brief was warranted under existing law. After learning of the hallucinations, Ms. Bam corrected the brief, and was forthright with the court about her review process. Ms. Bam deeply regrets submitting a brief with hallucinations. However, these facts do not amount to a violation of Rule 11(b)(2) because the opening brief at issue is not frivolous.

PETITION FOR WRIT OF MANDAMUS – PAGE 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Rule 11 does not apply to arguments within an otherwise non-frivolous brief, and it certainly does not apply to citations in isolation. Moreover, Ms. Bam's inquiry pursuant to Rule 11(b)(2) was reasonable under the particular circumstances of a garden variety social security appeal on garden variety issues. As a practitioner litigating social security appeals for approximately 14 years, Ms. Bam recognized in the first instance, and has since confirmed, that the legal propositions in the brief are backed by settled authority in the Ninth Circuit. Under this court's Rule 11 analysis, the brief is not frivolous, and therefore sanctions under Rule 11(b)(2) cannot follow as a matter of law.

*Even if* Ms. Bam did violate Rule 11 by filing the opening brief, her conduct did not satisfy the "akin to contempt" standard for *sua sponte* sanctions. That standard requires a lawyer's conduct to be "egregious," "beyond the pale," or "tantamount to bad faith." Ms. Bam's conduct was none of those things. Finally, even if a sanction is warranted, the sanction imposed is clearly erroneous under Rule 11(c)(4) because it exceeds the deterrent purpose of the rule.

Turning to the second and third *Bauman* factors, Ms. Bam has no other avenue for immediate relief. Rule 11 sanctions are interlocutory orders not subject to appeal and the trial court judgment will not issue for months, if one ever issues at all. Ms. Bam has been and will continue to be harmed by the

PETITION FOR WRIT OF MANDAMUS – PAGE 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Sanction Order. The district court revoked Ms. Bam's pro hac vice admission, removed her from the case, struck the brief, and referred her to the Washington State Bar Association for Discipline, among other things. The Sanction Order has prompted four other orders to show cause, and if Sanction No. 5 goes into effect, others will surely follow.

The fourth and fifth *Bauman* factors also weigh in favor of mandamus relief because other courts in this district are erroneously applying Rule 11 to hallucinated sanctions. Moreover, this court has not yet decided whether and under what circumstances Rule 11 is appropriate to address hallucinated citations or legal arguments in an otherwise non-frivolous brief.

For all these reasons, mandamus relief is warranted here. And because the district court's rulings were clearly erroneous, the Sanction Orders should be vacated.

## II.  **RELIEF SOUGHT**

Ms. Bam seeks an order vacating the Sanction Orders because Ms. Bam did not violate Rule 11. In the alternative, Ms. Bam seeks an order directing the district court to strike Sanction No. 5 as exceeding the deterrent purpose of Rule 11.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

### III.  ISSUES PRESENTED

1.  Are Rule 11 sanctions proper here? **No.**

**2.**  Does Sanction No. 5 exceed the deterrent purpose of Rule 11? **Yes.**

3.  Should this Court grant a writ of mandamus to vacate the Sanction Order and the Order Denying Reconsideration? **Yes.**

### IV.  BACKGROUND

Ms. Bam is a career social security lawyer. ER-32.  She has been practicing in this area since she was a law student. *Id*. Ms. Bam has built her practice over the last 12 years almost exclusively in this area. *Id*.

In November 2024, Ms. Bam's firm contracted with an attorney who owned and operated her own social security law practice (the "Contractor"). ER-32.  The Contractor had a background in social security law, including 13 years of experience at the Social Security Administration and federal appellate experience. *Id*.  Over months of working together, the Contractor gained Ms. Bam's trust.  *Id*.  Ms. Bam had no reason to suspect that the Contractor had or would use generative AI.  *Id*.

On May 5, 2025, Ms. Bam's firm assigned Plaintiff's Opening Brief to the Contractor to draft (the "Opening Brief"). ER-134-179. On May 9, 2025, the firm emailed the Contractor an announcement by the District Court of New Mexico reminding lawyers that arguments generated by AI that include citation to non-

PETITION FOR WRIT OF MANDAMUS – PAGE 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

existent cases are strictly prohibited. ER-143.  The Contractor acknowledged receipt of the email. ER-144.  Ms. Bam understood based on this exchange that the Contractor had not and would not use generative AI to draft briefs for her firm.  ER-32.  If the Contractor was using or had used generative AI to draft briefs, Ms. Bam expected the Contractor to alert her to the use of such technology.  *Id*.  The Contractor did not disclose the use of generative AI in briefs written for Ms. Bam's firm.  *Id*.

On May, 18, 2025, the Contractor submitted the Opening Brief to Ms. Bam's firm for review. ER-145. The Contractor did not disclose the use of generative AI in drafting the brief. ER-32.  A supervising attorney and Ms. Bam each reviewed the Opening Brief.  *Id*.  The brief contained 18 citations to case law. *Id*.  The brief presented common legal issues that Ms. Bam has encountered repeatedly in the approximately 14 years she has worked on social security appeals. *Id*.  Neither the case nor the brief presented novel legal issues. ER-32. On the contrary, the legal positions were supported by well-accepted authority in the Ninth Circuit with which Ms. Bam had long been familiar.  *Id*.  The brief mainly concerned application of Plaintiff's evidence to those well-settled legal principles.  *Id*.  Ms. Bam and a staff attorney spot-checked the citations in the brief.  ER-32-33.  After concluding that the brief was consistent with Ninth

PETITION FOR WRIT OF MANDAMUS – PAGE 5

*SCHWABE, WILLIAMSON & WYATT, P.C.*
*Attorneys at Law*
*1211 SW 5th Ave., Suite 1900*
*Portland, OR  97204*
*Telephone: 503.222.9981*

Circuit authority and the facts of the case, Ms. Bam signed the brief and submitted for filing. *Id*.

On July 22, 2025, the Court issued an Order to Show Cause ("the Order"), asking Ms. Bam to show cause by August 1 why the Court should not impose Rule 11 sanctions for deficiencies in Plaintiff's Opening Brief in Support of Social Security Appeal ("Opening Brief"). ER-180-183. Namely, the Order asked Ms. Bam to explain errors within the Opening Brief which indicated that the Opening Brief may have been drafted with the use of artificial intelligence. *Id*.

Given the short time for her response, Ms. Bam concluded that she did not have time to hire counsel to respond on her behalf, so she proceeded without independent legal advice. ER-33. Ms. Bam initiated an investigation of the Opening Brief. *Id*. On July 24, 2025, after concluding that the brief included hallucinated citations, Ms. Bam's firm contacted the Contractor to inquire about the non-existent citations. ER-150. On July 25, 2025, the Contractor responded that she was "currently out of town" and "unable to provide any further info that could be of help," citing the fact that she did "not have access to any of my notes on this case." ER-151.

PETITION FOR WRIT OF MANDAMUS – PAGE 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

On July 28, 2025, the Ms. Bam terminated her relationship with the Contractor.  ER-33.  Later, the Contractor emailed the firm again to offer her regret: "[t]he citations in question were included based on sources I understood at the time to be reliable.  I understand the importance of ensuring that every citation is verifiable, and I regret that these authorities cannot be presently located." ER-152.

On July 31, 2025, Ms. Bam submitted Plaintiff's Response to the Court's Order to Show Cause. ER-134-179. Ms. Bam acknowledged the serious concerns of the district court, and accepted full responsibility for all filings in the matter, including the Opening Brief. *Id*.  Ms. Bam further provided background about the drafting and review process for the Opening Brief, a corrective action plan, a corrected brief, and a citation correction table. *Id*.

On August 14, 2025, the district issued the Sanction Order, concluded that Ms. Bam violated Rule 11(b)(2), and imposed sanctions, including the following:

> 5. No later than 10 business days from the date of this Order, Counsel shall transmit a copy of this Order to every Judge who presides over any case in which Counsel is attorney of record; and

ER-110-133.  Ms. Bam timely complied with all enumerated sanctions, except Sanction No. 5, for which she obtained a stay.  ER-33; ER-92-95.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

On September 11, 2025, Ms. Bam moved for reconsideration. ER-74-91. Ms. Bam filed a Corrected Motion for Reconsideration on September 15, 2025. ER-37-54. On September 26, 2025, the district court affirmed its August 14 Sanction Order. ER-27-30. The district court further ordered compliance with Sanction No. 5 (requiring notice of the Sanction Order to every judge in any case in which Ms. Bam is attorney of record), by October 6, 2025. ER-27-30.

Ms. Bam now respectfully seeks a writ of mandamus directing the district court to vacate the Sanction Order and Order Denying Reconsideration.

## V.   **LEGAL AUTHORITY**

Under 28 U.S.C. § 1651, this court has "the power to issue a writ of mandamus in aid of its appellate jurisdiction." *U.S. v. Tillman*, 756 F.3d 1144, 1150 (9th Cir. 2014). Mandamus is a remedy reserved for extraordinary circumstances. *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011).

Five factors (the "*Bauman* factors") guide whether to issue a writ in a particular case: (1) "The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires"; (2) "The petitioner will be damaged or prejudiced in a way not correctable on appeal"; (3) "The district court's order is clearly erroneous as a matter of law"; (4) "The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal

PETITION FOR WRIT OF MANDAMUS – PAGE 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

rules"; and (5) The district court's order raises new and important problems, or issues of law of first impression." *Bauman v. U.S. Dist. Court for the Nor. Dist. of Cal.*, 557 F.2d 650, 654-55 (9th Cir. 1977). "A petitioner need not establish all five factors" and courts "will weigh the factors together based on the facts of the individual case." *U.S. v. Fei Ye*, 436 F.3d 1117, 1122 (9th Cir. 2006) (internal citation omitted).

The first and second *Bauman* factors are frequently related, because the availability of adequate relief on appeal runs parallel to whether the party seeking mandamus will be irreparably injured by delay, and as such are often addressed together. *See, e.g.*, *In re Henson*, 869 F.3d 1052, 1058 (9th Cir. 2017) ("We generally examine the first and second factors together because the second is closely related to the first."). The third factor is considered a "highly significant" factor and often dispositive. *Cole v. U.S. Dist. Ct. for Dist. of Idaho*, 366 F. 3d 813, 820 (9th Cir. 2004) (citation omitted). The fourth and fifth factors are "often mutually exclusive." *San Jose Mercury News, Inc. v. U.S. Dist. Ct. – N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999) (citation omitted).

PETITION FOR WRIT OF MANDAMUS – PAGE 9

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

144897\293918\49010674.1

## VI.   **ARGUMENT**

### A.   The First and Second *Bauman* Factors Weigh in Favor of Granting Mandamus Relief.

Orders imposing Rule 11 sanctions are interlocutory. *See Gonzales v. Texaco Inc.,* 344 F. App'x 304, 307 (9th Cir. 2009) (Rule 11 sanction order generally not appealable because interlocutory, but appealable for other reasons not applicable here) (citing *Cunningham v. Hamilton County, Ohio,* 527 U.S. 198, 210, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999), *Stanley v. Woodford,* 449 F.3d 1060, 1063 (9th Cir. 2006)). As interlocutory orders, the Sanction Orders are not immediately appealable. *Cunningham*, 527 U.S. at 210. While the Ninth Circuit has not expressly extended *Cunningham* to Rule 11 orders, it is clear that a Rule 11 order is not the type of interlocutory order that is immediately appealable. *Klestadt & Winters, LLP v. Cangelosi*, 672 F.3d 809, 818 (9th Cir. 2012) (orders imposing sanctions under Federal Rule of Bankruptcy Procedure 9011 are not immediately appealable after *Cunningham* and progeny); *see also Comuso v. Nat'l R.R. Passenger Corp.*, 267 F.3d 331, 338-39 (3d Cir. 2001).

Because the Sanction Orders are not immediately appealable, Ms. Bam has no other means to attain meaningful relief. Although Ms. Bam is permitted to appeal after a final judgment, by that time, the harm caused by the Sanction Orders will be impossible to undo. Moreover, a judgment is not assured in this

PETITION FOR WRIT OF MANDAMUS – PAGE 10

case, as one would not issue if, for instance, the parties settled. Vacating the Sanction Orders would prevent the harm that compliance with Sanction No. 5 will surely cause. *See Tillman*, 756 F.3d at 1151 ("Although the damage is already done in part, there is no reason to prolong it; through mandamus we can offer…some relief").

Ms. Bam's reputation has already been damaged by the Sanction Order, and will be further damaged by compliance with Sanction No. 5. The importance of a lawyer's reputation to their livelihood and the success of their cases cannot be overstated. Courts widely acknowledge the importance of a lawyer's reputation, especially in the context of crafting an appropriate sanction. *See Tillman*, 756 F.3d at 1146 ("sanctions order not only had an immediate impact on [the attorney] but continues to affect his professional reputation"); *In re Plaza-Martínez*, 747 F.3d 10 (1st Cir. 2014) ("In this day and age, sanctions are a badge of reprobation that can haunt an attorney throughout his or her career. They can have ramifications that go far beyond the particular case"); *In re Ronco, Inc.*, 838 F.2d 212, 217–218 (7th Cir. 1988) (stressing that "Rule 11 sanctions have significant impact beyond the merits of the individual case" and citing "[c]oncerns for the effect on … an attorney's reputation," among other factors, as requiring that judges "always seriously reflect upon the nuances of the

PETITION FOR WRIT OF MANDAMUS – PAGE 11

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

particular case, and the implications the case has on the nature of the legal representation, before imposing sanctions"); *Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346, 1352–1353 (Fed. Cir. 2003) ("A lawyer's reputation is one of his most important professional assets. Indeed, such a reprimand may have a more serious adverse impact upon a lawyer than the imposition of a monetary sanction").

Sanction No. 5 requires Ms. Bam to send the Sanction Order to every judge in every case in which she is presently counsel of record. If performed, this sanction will cause irreparable injury to Ms. Bam's reputation and her current cases. Ms. Bam has already received show cause orders related to the Sanction Orders in four (4) cases, including a proceeding in the Eastern District of Washington to discipline Ms. Bam. ER-3-16. The number of show cause orders and related fall-out will increase if the Sanction Order is not vacated.

Further, the collateral impacts of Sanction No. 5 reach into Ms. Bam's client relationships. Under Rule of Professional Conduct 1.4, Sanction No. 5 is tantamount to an order that Ms. Bam give notice to all clients. Ms. Bam cannot very well give notice to a court of the Sanction Order without also giving notice to the respective client because she is obligated to keep her "client reasonably informed about the status of the matter." ABA Model Rule 1.4(a)(3). This effect

PETITION FOR WRIT OF MANDAMUS – PAGE 12

*SCHWABE, WILLIAMSON & WYATT, P.C.*
*Attorneys at Law*
*1211 SW 5th Ave., Suite 1900*
*Portland, OR 97204*
*Telephone: 503.222.9981*

144897\293918\49010674.1

on each and every client relationship will also profoundly affect Ms. Bam's reputation, livelihood and career.

Ms. Bam has no other adequate means to attain relief from the Sanction Orders, and without relief, particularly from Sanction No. 5, Ms. Bam's reputation, livelihood, and career will be irreparably harmed.

**B.  The Sanction Order Issued by the District Court is Clearly Erroneous as a Matter of Law.**

1.  Rule 11 sanctions are for frivolous pleadings.

Rule 11 establishes both a requirement for attorneys submitting papers to the court, and a remedial scheme to address violations of that requirement:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

FRCP 11(b)(2). "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." FRCP 11(c)(3). Finally, Rule 11(c)(4) limits permissible sanctions "to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."

PETITION FOR WRIT OF MANDAMUS – PAGE 13

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Whether the lawyer engaged in a reasonable inquiry is only part of the analysis. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434–35 (9th Cir. 1996). "Rule 11 sanctions may be imposed only in response to claims that are not 'warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law.'" *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115-16 (9th Cir. 2001) (citation omitted). "This standard is applied with particular stringency where, as here, the sanctions are imposed on the court's own motion[;] ... *sua sponte* sanctions 'will ordinarily be imposed only in situations that are akin to a contempt of court.'" *Id.* (quoting *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1999)) (alteration omitted). Ultimately, "[b]ecause the purpose of Rule 11 sanctions is deterrence, courts should impose the least severe sanctions necessary to achieve the goal." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 465 (S.D.N.Y. 2023) (internal citations omitted).

Rule 11 does not apply to citations or legal statements. The rule does not require "judges to grade accuracy of advocacy in connection with every piece of paper filed in federal court." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1540 (9th Cir. 1986). Instead, "the Rule permits the imposition of sanctions only when the 'pleading, motion, or other paper' itself is frivolous,

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

not when one of the arguments in support of a pleading or motion is frivolous." *Id*. ("Rule 11 does not apply to the mere making of a frivolous argument.").

"[T]he fact that the court concludes that one argument or sub-argument in support of an otherwise valid motion, pleading, or other paper is unmeritorious does not warrant a finding that the motion or pleading is frivolous or that the Rule has been violated." *Id*. at 1541. Moreover, "if there is a colorable claim to a particular type of relief on a given set of facts and the signer relies on an unsupportable legal theory to bolster his claim when a supportable one exists as well, the signer cannot be sanctioned under Rule 11." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1990).

When determining whether a lawyer's inquiry was reasonable under the circumstances, the analysis is focused on the time of submission, not what becomes apparent in hindsight:

> The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted. Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether [s]he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether [s]he depended on forwarding counsel or another member of the bar.

FED. R. CIV. P. 11 advisory committee's note to 1993 amendment.

PETITION FOR WRIT OF MANDAMUS – PAGE 15

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

144897\293918\49010674.1

2.    The district court clearly erred when it concluded that
      Ms. Bam violated Rule 11.

Ms. Bam did not violate Rule 11 because the Opening Brief was not frivolous. The relief that Ms. Bam sought is well-supported by Ninth Circuit authority and social security regulations, even if it was not cited in the original brief. Ms. Bam sought review of an ALJ's decision that Plaintiff was not disabled pursuant to 42 U.S.C. § 405(g). In particular, Ms. Bam argued that the ALJ (1) improperly rejected medical opinions of Plaintiff's treatment providers, (2) failed to properly evaluate Plaintiff's fibromyalgia and obesity, (3) discounted certain symptoms, and (4) failed to account for limitations in concentration, persistence and pace. The first argument contained no errant or incorrect citations. On this basis alone, the Opening Brief was not frivolous. However, the remaining arguments are also supported by existing legal authority, as Ms. Bam demonstrated in the corrected brief and citation correction table. ER-153-179. For these reasons, Rule 11 sanctions are not proper.

Ms. Bam did not violate Rule 11 for the further reason that her inquiry was reasonable under the circumstances. That is so because (1) the brief was based on a plausible view of the law, and in fact all the legal contentions were supported by existing, albeit uncited, case law; (2) the legal propositions were consistent with Ms. Bam's understanding of the applicable law in the Ninth Circuit based

PETITION FOR WRIT OF MANDAMUS – PAGE 16

*SCHWABE, WILLIAMSON & WYATT, P.C.*
*Attorneys at Law*
*1211 SW 5th Ave., Suite 1900*
*Portland, OR 97204*
*Telephone: 503.222.9981*

on approximately 14 years of appealing social security cases in this circuit; (3) she relied on an experienced, trusted attorney who had been affirmatively instructed <u>not</u> to use generative AI; (4) she had no reason to suspect the Contractor was using generative AI in defiance of her instruction; and (5) she had external time constraints limiting her review of the brief. Considering the full context in which Ms. Bam reviewed and signed the brief, she made a reasonable inquiry into the law.[1] Accordingly, Ms. Bam did not violate Rule 11.

As evidenced by the corrected Opening Brief and citation correction table, each contention that was purportedly supported by an incorrect or non-existent citation in the Opening Brief was otherwise supported by well-established law. ER-153-179. *Compare*, *Grant v. City of Long Beach*, 96 F.4th 1255 (9th Cir. 2024) (dismissing appeal under FRAP 28 because brief was "replete with misrepresentations and fabricated case law," accurate citations "were not accompanied by coherent explanations of how they supported [the] claims," and counsel did not acknowledge fabrications <u>or</u> provide "any other meaningful support for [the] claims"). Here, the Opening Brief was based on accepted law, as demonstrated by other citations therein and corrections submitted by Ms. Bam.

---

[1] The fact that Defendant did not cry foul at the Opening Brief supports the notion that the legal positions taken therein are consistent with settled Ninth Circuit authority.

PETITION FOR WRIT OF MANDAMUS – PAGE 17

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Moreover, the legal positions were consistent with Ms. Bam's experience. Ms. Bam has been drafting social security disability appeals for over a decade. The legal issues presented in the Opening Brief were not novel. On the contrary, they were well within the bounds of established disability law, the principles of which Ms. Bam is very familiar. The issue for appeal was simply how the ALJ applied the facts to established law. In her review, Ms. Bam concluded that the arguments in the brief were, in her experience, legally supported. ER-32-33. In addition, the brief contained citation to cases, statutes and regulations that Ms. Bam would expect to see cited in a disability appeal, including for example, *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019), 42 U.S.C. § 405(g), and 20 C.F.R. § 404.1545(a)(1). ER-32-33. Thus, upon reading the Opening Brief, Ms. Bam perceived that it accurately summarized the law. ER-32-33.

Ms. Bam's review was also undertaken in the context of relying on another experienced attorney with whom Ms. Bam had developed a trusting relationship: the Contractor. Ms. Bam found the Contractor to be reliable. Further, Ms. Bam affirmatively instructed the Contractor not to use artificial intelligence. Ms. Bam recognizes that she is responsible for the contents of the brief. However, the fact that she relied on another experienced attorney's work is a proper consideration in the reasonableness inquiry.

PETITION FOR WRIT OF MANDAMUS – PAGE 18

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Finally, Ms. Bam faced external constraints on the time she spent reviewing the Opening Brief. Ms. Bam's work is compensated by attorney fee awards under the Equal Access to Justice Act ("EAJA") (28 U.S.C. § 2412). In the Ninth Circuit, despite a rejection of a de facto cap on appeal fees, EAJA awards are routinely discounted, and courts consider commonly accepted ranges of hours to determine what constitutes a reasonable fee. *See Costa v. Comm'r of SSA*, 690 F.3d 1132 (9th Cir. 2012) (rejecting "de facto" billing caps, but recognizing 20-40 hours as the range of hours often requested and granted in social security cases). And in fact, courts have discounted Ms. Bam's hours. In one case, the court found 33.4 attorney hours to review the 1439-page administrative record, conduct legal research, and prepare the initial brief excessive. ER-34. In another, the court found 25.3 attorney hours to review the 860-page administrative record, conduct legal research, and prepare the initial brief excessive. *Id*. To be sure, such fee award dynamics do not change Ms. Bam's Rule 11 obligations. However, this district court's view of the required Rule 11 inquiry is in tension with other courts' views of the time Ms. Bam may spend on the same case for purposes of determining her fee. This is part of the context of Ms. Bam's review of the Opening Brief that must be considered in determining whether it was reasonable under the circumstances.

PETITION FOR WRIT OF MANDAMUS – PAGE 19

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

With the full context under which Ms. Bam reviewed the Opening Brief, the district court's conclusion that she violated Rule 11(b)(2) is clearly erroneous.

3. The court clearly erred in concluding that Ms. Bam's conduct was "akin to contempt of court."

*Even if* Ms. Bam did violate Rule 11, her conduct did not justify *sua sponte* sanctions. *Sua sponte* sanctions are imposed with "particular stringency" precisely because such sanctions afford no opportunity to correct a challenged paper under the "safe harbor" provision in Rule 11(c)(2). *See,* 1 Sanc. Fed. Law of Lit. Abuse § 17 (2025) ("The absence of the safe harbor, and the opportunity it affords litigants and counsel to correct or withdraw any offending submission, has led some courts to impose a somewhat heightened caution standard when *sua sponte* sanctions are imposed."). If the district court's concerns had been raised by a party via motion, Ms. Bam would have had 21 days to file a corrected brief, and could have avoided sanctions altogether. This outcome was not afforded to Ms. Bam because the district court imposed sanctions *sua sponte*.

Mindful of the lack of safe harbor, the Ninth Circuit requires that conduct be "akin to contempt" in order to justify *sua sponte* sanctions. *See United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1116 (9th Cir. 2001).

While "akin to contempt" is not well defined, it is clear that Rule 11 does not authorize sanctions for all conduct of which a court might disapprove. *Id.* at

PETITION FOR WRIT OF MANDAMUS – PAGE 20

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

1118.  Conduct is not akin to contempt if it is not so "egregious" as to be considered "beyond the pale." *Id*.  at 1116-18).  However, conduct is akin to contempt if it is "tantamount to bad faith." *Rocha v. Fiedler*, 24-3692, 2025 WL 1219007, at *1 (9th Cir. Apr. 28, 2025) (discussing a Ninth Circuit Bankruptcy Appellate Panel decision affirming sanctions under Rule 9011). Put another way, if counsel's conduct was "outrageously improper, unprofessional and unethical," then it is akin to contempt. *Id.*

Ms. Bam's conduct was not outrageously improper, unprofessional and unethical. Ms. Bam admits that she did not verify every citation in the brief. But her failure to identify erroneous citations does not mean that Ms. Bam failed to ensure that the arguments she was making were legally tenable. ER-121. For the reasons already explained above, Ms. Bam's review of the brief was reasonable under the circumstances. And even assuming *arguendo* that her review fell short of her Rule 11 obligations, her conduct was not so egregious as to be "beyond the pale."

Further, her corrective action demonstrates that Ms. Bam's conduct was not tantamount to bad faith. When the district court raised concern, Ms. Bam promptly investigated, corrected the brief, and was forthright about the brief drafting and review process. Had Ms. Bam learned of the errant citations via a

PETITION FOR WRIT OF MANDAMUS – PAGE 21

motion pursuant to Rule 11(c)(2), her conduct demonstrates that she would have withdrawn the offending brief, and Rule 11 sanctions would not be available.

Thus, even if the Court concludes that Ms. Bam violated Rule 11, the fact that Ms. Bam did not herself use generative AI or know of its use in time to address it, her forthrightness to the district court, and her prompt effort to correct the brief all show her conduct was not "akin to contempt." Thus, Ms. Bam's conduct does not satisfy the particularly stringent standard required for *sua sponte* sanctions. Sanctions under these circumstances are clearly erroneous.

> 4. Ms. Bam's conduct was fundamentally different from other attorneys sanctioned for AI use.

If this Court nevertheless concludes that Ms. Bam violated Rule 11, and that her conduct was akin to contempt, the harsh cumulative effect of the sanctions imposed by the district court are clearly erroneous. In particular, Sanction No. 5 exceeds what is called for under the circumstances. The Sanction Order aggregates sanctions from a survey of cases involving the errant use of generative AI. ER-123-124. However, in each of the cases (with one exception), at least one of the sanctioned attorneys actually utilized generative AI without checking the citations it produced. Ms. Bam did no such thing. In fact, she took reasonable steps to *prevent* the use of generative AI, and had no reason to believe

PETITION FOR WRIT OF MANDAMUS – PAGE 22

*SCHWABE, WILLIAMSON & WYATT, P.C.*
*Attorneys at Law*
*1211 SW 5th Ave., Suite 1900*
*Portland, OR 97204*
*Telephone: 503.222.9981*

the Contractor would defy her directive. This case should be distinguished from those materially different cases.

The district court's failure to align Ms. Bam's sanction with the sanction for similar conduct in other cases surveyed in the Sanction Order demonstrate that the district court clearly erred. The closest case cited in the Sanction Order is *Dehghani v. Castro*, 2:25-CV-00052-MIS-DLM, 2025 WL 1361765 (D. N.M. May 9, 2025). In *Dehghani*, the sanctioned attorney also used a contractor. *Id.* at *1. The contractor used generative AI to draft the brief, and the sanctioned attorney did not verify the contractor's work. *Id.* Ultimately, the court ordered the sanctioned attorney to (1) pay a $1,500 fine; (2) forward the order to the freelance service; (3) complete a one-hour CLE related to legal ethics or AI in writing; (4) self-report to the state bars in which he was a member; and (5) report the contractor to her state bar. *Id.* at *2.

On the other end of the spectrum, in *ByoPlanet Int'l, LLC v. Johansson*, 0:25-CV-60630, 2025 WL 2091025, at *11 (S.D. Fla. July 17, 2025), the sanctioned attorney cited hallucinated cases across eight related cases. *Id.* at *2. He even cited hallucinated cases *in response to the court's order to show cause* regarding the use of AI-fabricated citations. *Id.* at *4. Although the sanctioned attorney continued to use generative AI ad nauseum, the cumulative effect of the

PETITION FOR WRIT OF MANDAMUS – PAGE 23

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

144897\293918\49010674.1

sanctions was less severe than those issued by the district court here. In *ByoPlanet*, the court imposed the following sanctions: (1) dismissal without prejudice of the cases before the court; (2) payment of the attorneys' fees for opposing counsel's time spent responding to the errant filings; (3) for the following two years, attachment of a copy of the order to any complaints filed in that district; and (4) referral to the state bar. *Id.* at \*10–11.

Here, Ms. Bam's conduct is not egregious, and yet, her sanction mainly exceeds the sanctions in the surveyed cases. Ms. Bam did not use generative AI or know the tool was used, and hallucinated citations appeared in only one filing. Unlike even the lawyer in *Dehghani*, Ms. Bam had a relationship with and had instructed the Contractor in this case *not* to use generative AI. Ms. Bam also took responsibility for her conduct, has corrected briefs this case and others with hallucinated citations drafted by the Contractor, and implemented new policies and procedures to address the risk posed by generative AI. Her conduct can and should be distinguished from cases where attorneys knowingly used generative AI without appropriate guardrails, and were not forthright with the court.

### 5. The sanctions imposed exceed the deterrent purpose of Rule 11.

Ultimately, "[b]ecause the purpose of Rule 11 sanctions is deterrence, courts should impose the least severe sanctions necessary to achieve the goal."

PETITION FOR WRIT OF MANDAMUS – PAGE 24

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

144897\293918\49010674.1

*Mata*, 678 F. Supp. at 465 (internal citations omitted). The district court has significant discretion to determine the appropriate sanction. However, the court exceeds its discretion if the sanction is more severe than reasonably necessary to deter repetition of the conduct. *See* FED. R. CIV. P. 11 advisory committee's note to 1993 amendment.

To determine the appropriate sanction, district courts should consider the following: (1) whether the improper conduct was willful, or negligent; (2) whether it was part of a pattern of activity, or an isolated event; (3) whether it infected the entire pleading, or only one particular count or defense; (4) whether the person has engaged in similar conduct in other litigation; (5) whether it was intended to injure; (6) what effect it had on the litigation process in time or expense; (7) whether the responsible person is trained in the law; (8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; (9) what amount is needed to deter similar activity by other litigants. FED. R. CIV. P. 11 advisory committee's note to 1993 amendment. Corrective action should also be considered when determining what sanction(s) to impose. *Id*.

Sanction No. 5 (requiring notice to every judge in every pending case in which Ms. Bam is counsel of record), exceeded the district court's discretion

PETITION FOR WRIT OF MANDAMUS – PAGE 25

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

because it is untethered to Ms. Bam's particular conduct and to the above factors. *Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir. 2005) ("Abuse of discretion may be found if the district court based its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence."). Assessment of Ms. Bam's conduct by reference to the relevant factors demonstrates that her conduct did not warrant the breathtakingly broad sanctions imposed by the district court, and in particular, Sanction No. 5.

Ms. Bam was negligent, not willful. Moreover, Ms. Bam has not engaged in similar conduct in other litigation, and her conduct was not intended to injure. ER-35. Ms. Bam's actions did not increase the expense or time spent by Defendant. And Ms. Bam immediately took corrective action by investigating the matter and correcting the record. She also has taken corrective action in other cases involving briefs drafted by the Contractor, which alerted other courts that have received hallucinated citations to the issue. ER-34.

Ms. Bam's actions did not merit Rule 11 sanctions, and in particular, Sanction No. 5 exceeds what is necessary for deterrence. The district court based Sanction No. 5 on the fact that Ms. Bam has a nationwide practice. ER-94.

The fact that Ms. Bam has a nationwide practice cannot, on its own, justify a nationwide sanction, especially in light of the facts discussed herein. Requiring

PETITION FOR WRIT OF MANDAMUS – PAGE 26

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Ms. Bam to inform over 170 courts of the Sanction Order without evidence of hallucinated citations filed in those cases is punitive.

Moreover, Sanction No. 5 will impose extraordinary and significant hardship on Ms. Bam, as discussed above. This magnitude of reputational harm is not necessary to deter Ms. Bam from repeating her mistake. Ms. Bam is already deterred. She has voluntarily taken corrective action related to the Contractor's work in relevant cases and her firm's policies and procedures. Requiring notice to judges in cases in which Ms. Bam has not inadvertently filed non-existent citations surely exceeds the "least severe sanction necessary" to deter and thus, the deterrent purpose of Rule 11 sanctions.

In sum, the Sanction Orders clearly violate established Ninth Circuit law. Rule 11 "permits the imposition of sanctions only when the 'pleading, motion, or other paper' itself is frivolous, not when one of the arguments in support of a pleading or motion is frivolous." *Golden Eagle,* 801 F.2d at 1540. The Opening Brief was not frivolous, so Rule 11 sanctions cannot follow. Moreover, the standard for an attorney signing a paper is one of "reasonableness under the circumstances." *Id.* at 1536. Here, Ms. Bam's submission of the Opening Brief was reasonable under the particular circumstances of this case. Finally, Rule 11(c)(4) limits permissible sanctions "to what suffices to deter repetition of the

PETITION FOR WRIT OF MANDAMUS – PAGE 27

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

conduct or comparable conduct by others similarly situated." The Sanction Order, and in particular Sanction No. 5, reaches well beyond this limit. For all these reasons, the Sanction Orders are clearly erroneous as a matter of law.

### C.      The Fourth and Fifth *Bauman* Factors Favor Relief.

Courts in the Ninth Circuit have noted that the fourth and fifth Bauman factors are often mutually exclusive. *Mercury News,* 187 F.3d at 1103. That is not the case here. A review of cases discussing sanctions under Rule 11 for hallucinated citations and arguments in this Circuit shows that courts are consistently misconstruing Rule 11 as applicable to arguments and citations in isolation, instead of the filing in its entirety, as *Golden Eagle*, 801 F.2d at 1540–41 and *Townsend*, 929 F.2d at 1363 require. *See, e.g.*, *Lacey v. State Farm Gen. Ins. Co.*, CV 24-5205 FMO (MAAX), 2025 WL 1363069, at *5 (C.D. Cal. May 5, 2025) (imposing Rule 11 sanctions for hallucinations in a brief, but not analyzing whether the brief was frivolous); *Jade Riley Burch, Plaintiff, v. HCA Healthcare, Inc., et al., Defendants.*, 2:25-CV-01408-JAD-MDC, 2025 WL 2772572, at *4 (D. Nev. Sept. 26, 2025) (stating without reference to analysis of entire brief that the court may issue Rule 11 sanctions "if it determines that case authority in a court filing is factually misleading."); *Fan v. Jiang*, 3:21-CV-00458-MMD-CSD, 2025 WL 1734994, at *3 (D. Nev. June 23, 2025)

PETITION FOR WRIT OF MANDAMUS – PAGE 28

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

(cautioning pro se litigant that hallucinated or fabricated citations may expose her to Rule 11 sanctions with no acknowledgment that the court is required to analyze whether the brief as a whole is frivolous); *Gjovik v. Apple Inc.*, 23-CV-04597-EMC, 2025 WL 1447380, at *7 (N.D. Cal. May 19, 2025) (advising pro se litigant that Rule 11 requires her to verify the accuracy of filings without acknowledgment that the court is required to analyze whether the brief as a whole is frivolous). Thus, the application of Rule 11 to hallucinated citations and arguments in isolation is an oft-recurring error. If the Sanction Order is permitted to stand, courts in this circuit may rely on it as a basis to issue sanctions in situations that do not implicate Rule 11, just as the district court justified its decision and sanction on other AI cases. The fourth *Bauman* factor favors mandamus relief.

The fifth *Bauman* factor (whether the district court's order raises new and important problems) also favors relief. Whether Rule 11 sanctions are warranted for inclusion of AI-generated citations, particularly sanctions as harmful as those at in the Sanction Order, is a novel and important issue with far-reaching consequences in this Circuit. As the court noted in *Tillman*, "[l]awyers do not have a ready 'toolkit' for their profession. Instead, their professional reputations are the essence of their livelihood. Reputation matters- to the court, to clients, to

PETITION FOR WRIT OF MANDAMUS – PAGE 29

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

colleagues, and to the public." 756 F.2d at 1151. This court has not yet had occasion to address whether Rule 11 applies to hallucinated citations and arguments when the brief is not otherwise frivolous. District courts need clear guidance regarding the application of Rule 11 to the improper use of generative AI. This case presents an opportunity to provide that guidance. The fifth *Bauman* factor also favors mandamus relief.

## VII. <u>CONCLUSION</u>

For the reasons set forth above, Ms. Bam respectfully requests that the Court issue a Writ of Mandamus. All of the *Bauman* factors favor mandamus relief. Ms. Bam further respectfully requests an order directing the district court to vacate the Sanction Order and the Order Denying Reconsideration. In the alternative, Ms. Bam requests that the district court vacate Sanction No. 5.

Dated this 3rd day of October, 2025

SCHWABE, WILLIAMSON &
WYATT, P.C.

*s/ Nellie Barnard*
Nellie Q. Barnard

*Attorneys for Petitioner*
MAREN BAM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

144897\293918\49010674.1

## CERTIFICATE OF COMPLIANCE

I am the attorney or self-represented party. Pursuant to Ninth Circuit Rules 21-2 and 32-3, I certify that the foregoing Petition for Writ of Mandamus is proportionately spaces, has a typeface of 14 points or more, and does not exceed 30 pages.

## STATEMENT OF RELATED CASES

Undersigned counsel is not aware of any related cases pending in this Court.

Dated this 3rd day of October, 2025

SCHWABE, WILLIAMSON & WYATT, P.C.

*s/ Nellie Barnard*_____
Nellie Q. Barnard

*Attorneys for Petitioner*
MAREN BAM

PETITION FOR WRIT OF MANDAMUS – PAGE 31

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

144897\293918\49010674.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October 2025, I caused to be served the foregoing **PETITION FOR WRIT OF MANDAMUS** on:

|  | By: |
|---|---|
| Jennifer Foster | ☐ Hand Delivery |
| jen@disability.esq | ☐ Facsimile |
| 1348 Dowell Springs, Blvd., | ☒ U.S. Mail |
| Knoxville, TN 37909 | ☐ Overnight Courier |
| 833-543-0888 | ☐ Email |
| *Attorney for Argelia Esther* | ☐ ECF |
| *Mavy* | ☐ Other (specify) |
|  | _____ |

|  | By: |
|---|---|
| Edmund Jack Darcher | ☐ Hand Delivery |
| edmund.darcher@ssa.gov | ☐ Facsimile |
| Michonne Louise Omo | ☐ U.S. Mail |
| Michonne.omo@ssa.gov | ☐ Overnight Courier |
| Social Security Administration | ☐ Email |
| 6401 Security Blvd. Office 7 | ☒ ECF |
| Baltimore, MD 21235 | ☐ Other (specify) |
| *Attorney for Defendant,* | _____ |
| *Commissioner of Social Security* | |
| *Administration* | |

Dated this 3rd day of October, 2025

*s/ Nellie Barnard*
Nellie Barnard

PETITION FOR WRIT OF MANDAMUS – PAGE 1

*SCHWABE, WILLIAMSON & WYATT, P.C.*
*Attorneys at Law*
*1211 SW 5th Ave., Suite 1900*
*Portland, OR 97204*
*Telephone: 503.222.9981*

144897\293918\49010674.1